45D11-2108-CT-000797

Lake Superior Court, Civil Division 7

Filed: 8/17/2021 3:51 PM
Clerk
Lake County, Indiana

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE SUPERIOR COURT |
| | ) SS: | |
| COUNTY OF LAKE | ) | Case Number: |

45D11-2108-CT-000797

JAMES PETERSON,
on behalf of Plaintiff and a class,

        Plaintiff,

vs.

PORTFOLIO RECOVERY
ASSOCIATES, L.L.C.,

        Defendant.

## COMPLAINT – CLASS ACTION

### INTRODUCTION

1. Plaintiff James Peterson brings this action to secure redress regarding unlawful collection practices engaged in by Defendant Portfolio Recovery Associates, L.L.C. ("PRA"). Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

### JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d).

3. Personal jurisdiction and venue are proper because Defendant does business in Indiana and the letter complained of was sent to Plaintiff in Lake County.

### PARTIES

#### Plaintiff

4. Plaintiff James Peterson is a natural person residing in Gary, Indiana.

#### Defendant

5. Defendant PRA is a limited liability company with its principal place of business at 120 Corporate Blvd., Suite 100, Norfolk, VA 23502. It does business in Indiana. Its registered agent

-1-

and office is Corporation Service Company, 135 North Pennsylvania Street, Suite 1610, Indianapolis, IN 46204.

6. PRA is engaged in the principal or sole business of buying and collecting charged-off consumer debts. In some cases it duns consumers. In addition, it files thousands of collection lawsuits against consumers in its own name. It files more than 1,000 lawsuits per year.

7. The debts are acquired in large portfolios containing debts of similar type and age. They are not purchased individually.

8. Upon information and belief, almost all of Defendant PRA's resources are devoted to debt collection.

9. Upon information and belief, almost all of Defendant PRA's revenue is derived from debt collection.

10. Upon information and belief, almost all of Defendant PRA's expenses are related to debt collection.

11. PRA uses the mails and telephones to conduct business.

12. PRA Group, Inc., the public parent of PRA, describes its business as follows in its annual report on SEC Form 10-K for the year ending December 31, 2018: "Our primary business is the purchase, collection and management of portfolios of nonperforming loans. The accounts we acquire are primarily the unpaid obligations of individuals owed to credit grantors, which include banks and other types of consumer, retail, and auto finance companies. We acquire portfolios of nonperforming loans in two broad categories: Core and Insolvency. Our Core operation specializes in purchasing and collecting nonperforming loans, which we purchased at a discount to face value since either the credit grantor and/or other third-party collection agencies have been unsuccessful in collecting the full balance owed. Our Insolvency operation consists primarily of purchasing and collecting on nonperforming loan accounts where the customer is involved in a bankruptcy proceeding. . . ." (Original page 5)

13. PRA is a "debt collector" as defined in the FDCPA, 15 U.S.C. §1692a(6).

## FACTUAL ALLEGATIONS

14. This action arises out of Defendant's attempts to collect a credit card debt incurred for personal, family or household purposes.

15. On or about March 16, 2021, Defendant PRA caused a letter vendor to send Plaintiff the form letter in Exhibit A.

16. Exhibit A bears markings that are characteristic of one generated by a letter vendor.

17. In addition, public court filings indicate that PRA uses a letter vendor.

18. In order to have the letter vendor send Plaintiff the letter in Exhibit A, Defendant PRA had to furnish the letter vendor with Plaintiff's name and address, the status of Plaintiff as a debtor, details of Plaintiff's alleged debt, and other personal information.

19. The letter vendor then populated some or all of this information into a prewritten template, printed, and mailed the letter to Plaintiff.

20. The FDCPA defines "communication" at 15 U.S.C. § 1692a(3) as "the conveying of information regarding a debt directly or indirectly to any person through any medium."

21. The sending of an electronic file containing information about Plaintiff's purported debt to a letter vendor is therefore a communication.

22. Defendant PRA's communication to the letter vendor was in connection with the collection of a debt since it involved disclosure of the debt to a third-party with the objective being communication with and motivation of the consumer to pay the alleged debt.

23. Plaintiff never consented to having Plaintiff's personal and confidential information, concerning the debt or otherwise, shared with anyone else.

24. In limiting disclosures to third parties, the FDCPA states, at 15 U.S.C. §1692c(b): "Except as provided in section 1692b of this title, without the prior consent of the consumer given

directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector."

25. The letter vendor used by Defendant PRA as part of its debt collection effort against Plaintiff does not fall within any permitted exception provided for in 15 U.S.C. §1692c(b).

26. Due to Defendant PRA's communication to this letter vendor, information about Plaintiff is within the possession of an unauthorized third-party.

27. If a debt collector "conveys information regarding the debt to a third party -- informs the third party that the debt exists or provides information about the details of the debt -- then the debtor may well be harmed by the spread of this information." *Brown v. Van Ru Credit Corp.*, 804 F.3d 740, 743 (6th Cir. 2015).

28. Defendant PRA unlawfully communicates with the unauthorized third-party letter vendor solely for the purpose of streamlining its generation of profits without regard to the propriety and privacy of the information which it discloses to such third-party.

29. In its reckless pursuit of a business advantage, Defendant PRA disregarded the known, negative effect that disclosing personal information to an unauthorized third-party has on consumers.

## COUNT I – FDCPA

30. Plaintiff incorporates paragraphs 1-29.

31. Defendant PRA violated 15 U.S.C. §1692c(b) when it disclosed information about Plaintiff's purported debt to the employees of an unauthorized third-party letter vendor in connection with the collection of the debt.

-4-

32. Defendant PRA violated 15 U.S.C. §1692f by using unfair means in connection with the collection of a debt – disclosing personal information about Plaintiff to third parties not expressly authorized under the FDCPA.

## CLASS ALLEGATIONS

33. Plaintiff brings this claim on behalf of a class pursuant to Trial Rule 23(A) and (B)(3).

34. The class consists of (a) all individuals in Lake County, Indiana (b) with respect to whom Defendant PRA had a letter prepared and sent by a letter vendor (c) which letter was sent at any time during a period beginning one year prior to the filing of this action and ending 30 days after the filing of this action.

35. Plaintiff may alter the class definition to conform to developments in the case and discovery.

36. On information and belief, based on the size of Defendant's business operations and the use of form letters, there are more than 40 members of the class, and the class are so numerous that joinder of all members is not practicable.

37. Defendant's records contain the names and addresses of all class members.

38. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common question is whether Defendant's practice as described above violates the FDCPA.

39. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

40. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

41. A class action is superior for the fair and efficient adjudication of this matter, in that:

a. Individual actions are not economically feasible.

b. Members of the class are likely to be unaware of their rights;

c. Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of Plaintiff and the class and against Defendant for:

i. Statutory damages;

ii. Attorney's fees, litigation expenses and costs of suit;

iii. Such other and further relief as the Court deems proper.

/s/ *Michael P. McIlree*
Michael P. McIlree

Michael P. McIlree
**LAW OFFICES OF MICHAEL P. MCILREE**
100 Brown Ave., Suite 2
Chesterton IN 46304
(219) 548-1800
(219) 548-5905 (FAX)
mcilree1@aol.com

Pro hac vice to be applied for:

Heather A. Kolbus (IL 6278239 )
**EDELMAN, COMBS, LATTURNER & GOODWIN, LLC**
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service: courtecl@edcombs.com

T:\37831\Pleading\Complaint DAE_Pleading.WPD

-6-